IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CAIN DIXON,**

                  **Plaintiff,**

      v.                                  **CASE NO. 06-3129-SAC**

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

                  **Defendants.**

**O R D E R**

Before the court is a civil complaint filed by a prisoner incarcerated in Lansing Correctional Facility (LCF) in Lansing, Kansas. Plaintiff proceeds pro se and has paid the full district court filing fee.

Plaintiff seeks damages for the alleged violation of his constitutional rights in being forced to move to a cell that was contrary to his medical restrictions. The defendants named in the complaint are the Kansas Department of Correction (KDOC), KDOC Secretary Werholtz, LCF Warden McKune, and LCF Classification Administrator Rice.

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). See Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000)(§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee).

Plaintiff alleges jurisdiction under 42 U.S.C. § 1983.[1] To allege a valid claim under that statute, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

In the present case, plaintiff alleges the violation of the Eighth Amendment prohibition against the infliction of cruel and unusual punishment on prisoners. *See* Wilson v. Seiter, 501 U.S. 294, 296-97 (1991). Prison conditions violate the Eighth Amendment if they cause the "unnecessary and wanton infliction of pain" grossly disproportionate to the crime underlying the inmate's incarceration or result in a deprivation of basic human needs. Rhodes v. Chapman, 452 U.S. 337, 346-47 (1981). An inmate must allege facts that indicate that he "is incarcerated under conditions posing a substantial risk of serious harm" and that a prison official acted with deliberate indifference to his health and safety. Farmer v. Brennan, 511 U.S. 825 (1994).

Here, plaintiff states that on or about April 15, 2005, he was ordered to move from his ground floor cell to a cell in a three story living unit notwithstanding his presentation of his 1995

---

[1] Plaintiff also alleges jurisdiction under 28 U.S.C. §§ 1985(3), 1986, and 1988, however plaintiff's allegations state no claim for relief under these sections. Plaintiff does not allege a conspiracy based on some class-based discriminatory animus for the purpose of stating a cognizable claim under § 1985, Griffin v. Breckenridge, 403 U.S. 88, 102 (1971), and a cause of action for violation of § 1986 cannot stand if the § 1985 claim is insufficient. Drake v. City of Fort Collins, 927 F.2d 1156, 1163 (10th Cir. 1990). Section 1988 provides for the recovery of attorney fees in an action brought under § 1983, and does not create an independent cause of action. Barr v. U.S., 478 F.2d 1152, 1156 (10th Cir.)(Section 1988 does not create rights nor confer jurisdiction), *cert. denied*, 414 U.S. 910 (1973).

2

classification and work restriction sheet that indicated no stair climbing. Plaintiff claims the threat of losing his private industries job forced him to break that medical order, and when he attempted to climb stairs at the new assigned housing he suffered chest and leg pains that resulted in medical attention and overnight evaluation. Plaintiff was then transferred to a ground level cell and promised another private industry job, but no such job has yet been provided. The court finds these allegations, even when liberally construed and taken as true, fall far short of stating a cognizable Eighth Amendment claim.

The documents submitted with plaintiff's complaint indicate that prior to the ordered move plaintiff was evaluated by medical staff regarding the new housing reassignment. The only medical restriction resulting from that evaluation was "bottom bunk only." Plaintiff refused a stair restriction on April 4, 2005, and the "no stair" medical restriction cited by plaintiff was issued nine to ten years earlier while plaintiff was incarcerated in a different Kansas correctional facility. Plaintiff clearly received prompt medical attention for the chest and leg pain that developed when he attempted to climb stairs, and appropriate housing restrictions were imposed. No deliberate indifference to a serious medical need is thus established. *See* Estelle v. Gamble, 429 U.S. 97, 104 (1976)(prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs).

Additionally, plaintiff has no constitutionally protected property or liberty interest in prison employment or any particular work assignment, *see* Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986), and no such interest arises from Kansas law, *see* Turner v.

Maschner, 715 P.2d 425, 427 (D.Kan. 1986). Nor does plaintiff have an inherent constitutional right to placement in any particular security classification or housing assignment. *See* Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Plaintiff's allegations regarding the loss or threatened loss of his private industries job are thus insufficient to state a cognizable claim upon which relief could be granted under 42 U.S.C. § 1983.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief).

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 18th day of May 2006 at Topeka, Kansas.

                          s/ Sam A. Crow
                          SAM A. CROW
                          U.S. Senior District Judge