```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**CAIN DIXON,**

                          **Plaintiff,**

         v.                                    CASE NO. 06-3129-SAC

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

                          **Defendants.**

### O R D E R

Plaintiff, a prisoner incarcerated in Lansing Correctional Facility (LCF) in Lansing, Kansas, proceeds pro se on a civil complaint seeking damages for the alleged violation of his constitutional rights in being forced to move to a cell that was contrary to his medical restrictions.  The defendants named in the complaint are the Kansas Department of Correction (KDOC), KDOC Secretary Werholtz, LCF Warden McKune, and LCF Classification Administrator Rice.

The court reviewed plaintiff's allegations and directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief.  28 U.S.C. § 1915A(a) and (b).  Having reviewed plaintiff's response, the court finds the complaint should be dismissed.

As outlined in the show cause order, plaintiff stated he was ordered to move from his ground floor cell to a cell in a three story living unit in April 2005, notwithstanding his presentation of his 1995 classification and work restriction sheet that indicated no stair climbing.  When plaintiff attempted to climb the stairs at the

new assigned housing he suffered chest and leg pains that resulted in medical attention and overnight evaluation. Plaintiff was thereafter transferred to a ground level cell and promised another private industry job which has not yet been provided. Plaintiff also documented that prior to the ordered move he was evaluated by medical staff regarding the new housing reassignment, and that the only medical restriction resulting from that evaluation was "bottom bunk only."

The court found plaintiff's allegations failed to show that any defendant acted with deliberate indifference to plaintiff's medical needs, and found plaintiff's allegations regarding the loss of his private industries job were insufficient to state a cognizable claim upon which relief could be granted under 42 U.S.C. § 1983.

In response to that show cause order, plaintiff addresses only his Eighth Amendment issue. He again points to a 1996 administrative grievance response in which defendant McKune acknowledged that a stair climbing restriction had been added to plaintiff's special housing requirements. Plaintiff argues this administrative response demonstrates that McKune and other KDOC defendants were deliberately indifferent to plaintiff's medical needs by reassigning him to a cell contrary to their prior knowledge of a ground floor restriction. The court disagrees.

Prison conditions violate the Eighth Amendment if they cause the "unnecessary and wanton infliction of pain" grossly disproportionate to the crime underlying the inmate's incarceration or result in a deprivation of basic human needs. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346-47 (1981). To state an Eighth Amendment claim, an inmate must allege facts that indicate he "is incarcerated under

2

conditions posing a substantial risk of serious harm" and that a prison official acted with deliberate indifference to his health and safety.  Farmer v. Brennan, 511 U.S. 825 (1994).  Deliberate indifference claims require both an objective showing of a sufficiently serious deprivation, and a subjective showing that prison officials knew of and disregarded an excessive risk to the inmate's health or safety.  Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005).

In light of this constitutional standard, plaintiff's reliance on the 1995 ground floor restriction is misplaced.  Plaintiff does not contest that his medical needs were evaluated prior to the April 15, 2005 order to move from a ground floor cell, and does not contest that the cell reassignment was consistent with that current medical evaluation.[1]  Plaintiff's allegations thus provide no factual support for a finding that any defendant disregarded an excessive risk to plaintiff's current health or safety by ordering plaintiff to move from a ground floor cell.

Accordingly, for the reasons stated herein and in the order dated May 18, 2006, the court concludes the complaint should be dismissed as stating no claim for relief.  See 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief); See 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the

---

[1] The record also documents plaintiff's refusal on April 4, 2005, to submit to a stair restriction which had been advised by medical staff.  See Complaint (Doc. 1, Attachments p.7).

3

action...fails to state a claim on which relief may be granted."). Plaintiff's motion for issuance of summons is denied as moot.

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for issuance of summons (Doc. 4) is denied.

**IT IS SO ORDERED.**

DATED:  This 28th day of August 2007 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge